# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

James A. Butler, #10256-050      )
      )
      Plaintiff,     )   Civil Action No. 9:08-2760-HFF-BM
      )
v.      )
      )
John Does; Jane Does and all AW's;  )  **REPORT AND RECOMMENDATION**
NFN Blocker, MD; and NFN Serrano,  )
Clinical Director, sued in their individual  )
and official capacity,     )
      )
      Defendant.    )
_____)

The pro se Plaintiff brought this action seeking relief pursuant to, inter alia, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). On January 14, 2009, the Defendants filed a motion for summary judgment. By order of this Court filed January 15, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff was specifically warned that if he failed to respond, the Defendants' motion may be granted, ending his case.

On February 2, 2009, Plaintiff filed a motion for an extension of time to respond to the Defendants. Plaintiff motion was granted, with a new response date being March 18, 2009. However, notwithstanding having received an extension and the specific warning and instructions as set forth in the Court's Roseboro order, the Plaintiff failed to respond to the motion, or to contact

1



the Court in any way. Therefore, a Report and Recommendation was filed on March 24, 2009, recommending dismissal for lack of prosecution.

On April 9, 2009, Plaintiff filed a second request for an extension of time to respond, stating he had not received a copy of the summary judgment motion. The undersigned then vacated the Report and Recommendation which had already been issued, and Plaintiff's motion for another extension of time was granted on April 29, 2009 allowing Plaintiff another thirty-four (34) days to file his response. The Defendants were also instructed to mail Plaintiff a copy of their pending motion for summary judgment. Finally, the Order also stated that there would be no further extensions of time.

As before, no response to the Defendants' motion has been filed, despite Plaintiff having now been provided with two extensions of time and a total of over four (4) months to file a response. Therefore, Plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. V. Lopez, 669 F.2d 929 (4th Cir. 1982).[1]

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See Davis v. Williams, 588 F.2d 69,70 (4th Cir. 1978); Rule 41(b), Fed. R. Civ. P.; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

---

[1]He is personally responsible for proceeding in a dilatory fashion, the Defendants are suffering prejudice due to having to expend time and resources on a case in which the Plaintiff is unresponsive, and no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions) and he has otherwise failed to respond to Court filings despite Court orders requiring him to do so. Lopez, 669 F.2d at 920.



The parties are referred to the Notice Page attached hereto.



_____
Bristow Marchant
United States Magistrate Judge

June 5, 2009

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

