IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James A. Butler, #10256-050, ) | CIVIL ACTION NO. 9:08-2760-HFF-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| John Does, Jane Does, and AW's; ) | |
| NFN Blocker, MD; NFN Serrano, ) | |
| Clinical Directo; sued in their individual ) | |
| and official capacity, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The pro se Plaintiff brought this action seeking relief pursuant to, inter alia, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). On January 14, 2009, the Defendants filed a motion for summary judgment. By order of this Court filed January 15, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff was specifically warned that if he failed to respond, the Defendants' motion may be granted, thereby ending his case.

On February 2, 2009, Plaintiff filed a motion for an extension of time to respond to the Defendants. Plaintiff's motion was granted, with a new response date being March 18, 2009. However, notwithstanding having received an extension and the specific warning and instructions as set forth in the Court's Roseboro order, the Plaintiff failed to respond to the motion, or to contact



the Court in any way. Therefore, a Report and Recommendation was filed on March 24, 2009, recommending dismissal for lack of prosecution.

On April 9, 2009, Plaintiff filed a second request for an extension of time to respond, stating he had not received a copy of the summary judgment motion. The undersigned then vacated the Report and Recommendation which had already been issued, and Plaintiff's motion for another extension of time was granted on April 29, 2009 allowing Plaintiff another thirty-four (34) days to file his response. The Defendants were also instructed to mail Plaintiff a copy of their pending motion for summary judgment. Finally, the Order also stated that there would be no further extensions of time.

As before, no response to the Defendants' motion was filed, and a second Report and Recommendation was entered on June 5, 2009 recommending that this case be dismissed with prejudice for lack of prosecution. Plaintiff failed to file any objection to that Report and Recommendation, and an Order adopting the Report and Recommendation and dismissing this action with prejudice was entered by the Honorable Henry F. Floyd, United States District Judge, on June 23, 2009.

Almost a month later, on July 20, 2009, the pro se Plaintiff filed a motion to alter judgment together with a response in opposition to the Defendants' motion for summary judgment. The Defendants consented to the reopening of the case; therefore, an Order was entered on November 6, 2009 granting the motion to alter judgment, and referring the case back to the undersigned United States Magistrate Judge for further proceedings. Accordingly, Defendants'



motion for summary judgment is now before the Court for disposition.[1]

**Background and Evidence**

This case was originally filed by the pro se Plaintiff in the District of Maryland, where he was serving a custody sentence at a federal correctional institution. As a portion of Plaintiff's complaint raised Bivens and Federal Tort Claims Act (FTCA) claims against the Defendants Blocker, Serrano, and "John and Jane Does and AWs" arising out of a period time Plaintiff was incarcerated at FCI Edgefield in South Carolina, that portion of the case was ordered transferred to the District of South Carolina.

With respect to his South Carolina claims, Plaintiff alleges in his unverified complaint[2] that in May 2005 he was transferred to FCI Edgefield. Plaintiff alleges that during his transfer (while he was in Atlanta) he had rectal bleeding and diarrhea every hour. Plaintiff alleges that he arrived at FCI Edgefield on May 31, 2005, at which time he reported to sick call that he had blood in his stool, no appetite and could not eat. Plaintiff alleges he was given an appointment for June 1, 2005, during which he complained of weight loss and stomach pain. Plaintiff alleges that lab work was done on June 3, 2005, which indicated no specialist was warranted. Plaintiff alleges that he thereafter went on sick call over six times, complaining about his symptoms, but received

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). However, Plaintiff has filed an *unverified* Complaint. Therefore, the undersigned has not considered the factual allegations set forth in the unverified Complaint as evidence in issuing a recommendation in this case.

3



no medical care for his illness.

Plaintiff alleges he was hospitalized in September 2005, where he was diagnosed with colitis, proctitis and anemia. Plaintiff alleges that he had to have a blood transfusion due to a misdiagnosis by the Defendants of having hemorrhoids. Plaintiff alleges that following his discharge from the hospital, his condition was "much better", and that he requested to be kept on the same or similar diet that he had received in the hospital. Plaintiff alleges that this request was refused, and that his condition then began to "move in the direction it was before"; i.e., loss of blood, pain and diarrhea. Plaintiff alleges he was re-hospitalized in February 2006 for the same symptoms.

Plaintiff seeks monetary damages for a violation of his constitutional right to adequate medical care under Bivens, and also seeks damages for negligent medical care under the FTCA. See generally, Complaint.

In support of their motion for summary judgment in this case, the Defendants have submitted an affidavit from Tami Cassaro who attests that she is the Supervisory Attorney at FCI Edgefield. Cassaro attests that Plaintiff is serving a life sentence imposed by the Eastern District of Virginia on various drug and money laundering charges, and was incarcerated at FCI Edgefield from May 25, 2005 to August 2, 2006. Cassaro attests that, as of the date of her affidavit (November 20, 2008), Plaintiff was incarcerated at the Federal Medical Center (FMC) in Rochester, Minnesota.

Cassaro attests that part of her official duties includes researching logs and records maintained by the Bureau of Prisons (BOP) concerning administrative remedies and administrative tort claims. Cassaro attests that the computerized data base for the United States Courts indicates that Plaintiff has filed approximately forty-two (42) lawsuits since he began his federal



incarceration, as well as four hundred eighty-five (485) administrative remedies relating to staff and various matters arising from his incarcerations, indicating that Plaintiff knows how to use the administrative remedy process. However, Cassaro attests that after a diligent search of the administrative remedy records maintained by the BOP, there is no record that Plaintiff ever attempted to file any for administrative remedies pertaining to the medical care issues set forth in his complaint provided to him at FCI Edgefield.³ See Cassaro Affidavit, Attachment 4.

With respect to Plaintiff's FTCA claim, Cassaro attests that Plaintiff did file an administrative tort claim regarding the medical care he received at FCI Edgefield, which was received by the Southeast Regional Counsel Office on or about July 11, 2005. See Cassaro Affidavit, Attachment 5. In this administrative tort claim, Plaintiff claimed that medical staff at FCI Cumberland (in Maryland) and FCI Edgefield continued him on medications of ibuprofen and acetaminophen despite knowing he had hepatitis C, complaints of rectal bleeding, and problems with his digestive system. BOP records further reflect that Plaintiff was notified of the denial of his administrative tort claim via certified letter dated December 1, 2005. Cassero Affidavit, Attachment 6. Plaintiff thereafter filed a reconsideration letter with the South Beach Regional Counsel Office on May 5, 2006. Cassero Affidavit, Attachment 7. A certified letter was mailed to the Plaintiff on August 15, 2006, advising Plaintiff that his claim had been reconsidered and was still denied. Cassero Affidavit, Attachment 8. Cassero attests that, pursuant to this mailing, Plaintiff had until February 15, 2007 to timely file an FTCA claim in the United States District Court. See generally, Cassero Affidavit, with attached exhibits. Plaintiff filed this case in the United States District Court

---

³Cf. Tolliver v. Edgefield Correctional Institution, No. 06-903, 2006 WL 1391447 at * 4 (D.S.C. May 16, 2006)[Noting that exhaustion for purposes of a Bivens action is different than exhaustion requirements for pursuing an FTCA claim].



5

for the District of Maryland on February 20, 2007, although his complaint is dated February 9, 2007. See Court Docket No. 35, Attachment 2.

Plaintiff has submitted no evidence in this case.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence submitted, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

**I.**

**(Bivens' Claims)**

As employees of the BOP, Defendants Blocker and Cerrano are both subject to suit



6

in a <u>Bivens</u> claim for damages in their individual capacities.[4]  However, even though subject to suit in a <u>Bivens</u> claim, the Defendants[5] assert that Plaintiff's <u>Bivens</u> claim should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.  The undersigned agrees.

Pursuant to 42 U.S.C. § 1997(e)(a), federal prisoners are required to exhaust their administrative remedies prior to filing civil lawsuits.  <u>See</u> <u>Booth v. Churner</u>, 532 U.S. 731 (2001); <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007)["Exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and . . . unexhausted claims cannot be brought in Court"]; <u>see also</u> <u>Porter v . Nussle</u>, 534 U.S. 516, 524 (2002)[exhaustion required for all actions brought with respect to prison conditions].  Hence, before Plaintiff could bring this lawsuit asserting a <u>Bivens</u> claim, he was required to first exhaust his available prison remedies.

The undersigned can take judicial notice from numerous <u>Bivens</u> cases previously filed in this Court that the Federal Bureau of Prisons has a detailed grievance process which allows

---

[4]In <u>Bivens</u>, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A <u>Bivens</u> claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. <u>See</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-820 (1982).  <u>Harlow</u> and progeny indicate that case law involving § 1983 claims is applicable in <u>Bivens</u> actions and *vice versa*.  <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).  See also <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 530 (1985); <u>Turner v. Dammon</u>, 848 F.2d 440, 443-444 (4th Cir. 1988), <u>abrogated on other grounds</u>; <u>Johnson v. Jones</u>, 515 U.S. 304 (1995); <u>Osabutey v. Welch</u>, 857 F.2d 220, 221-223 (4th Cir. 1988); and <u>Tarantino v. Baker</u>, 825 F.2d 772, 773-775 (4th Cir. 1987), <u>cert. denied</u>, <u>North Carolina v. Tarantino</u>, 489 U.S. 1010 (1989).  Public officials are subject to suit under § 1983 for damages in their individual capacities.  <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989); <u>Hafer v. Melo</u>, 112 S.Ct. 358, 365 (1991); <u>Goodmon v. Rockefeller</u>, 947 F.2d 1186 (4th Cir. 1991); <u>Inmates v. Owens</u>, 561 F.2d 560 (4th Cir. 1977).

[5]Although they have never been identified or served with process, for purposes of discussion of Plaintiff's <u>Bivens</u> claim, the undersigned has considered the unknown Defendants, styled as John and Jane Doe, as also being BOP employees.



federal prison inmates to pursue administrative remedies for their grievances. See 28 C.F.R. §§ 542.10, et seq. An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. §542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden. 28 C.F.R. §542.14. Administrative complaints must be filed within 20 days of the date of the incident giving rise to the complaint occurred. 28 C.F.R. §542.14(a). The matter will be investigated, and a written response provided to the inmate. Id. If dissatisfied with the response, the inmate may appeal to the Regional Director. 28 C.F.R. §542.15(a). If dissatisfied with the regional response, the inmate may appeal to the General Counsel. Id. Appeal to the General Counsel is the final level of agency review, and a claim has not been administratively exhausted until it has been filed with the General Counsel. 28 C.F.R. §542.15(a).

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, supra. To meet this burden, the Defendants have submitted an Affidavit from Tami Cassaro, Supervisory Attorney for the Consolidated Legal Center at FCI Edgefield, who attests that she conducted a diligent search of the administrative remedy records maintained by the BOP, which reveal that Plaintiff has not exhausted his available administrative remedies with respect to the claims asserted in this lawsuit. See also, Attachment 4 to Cassaro Affidavit. While copies of the grievances themselves have not been provided (as noted by Defendant's exhibit, they are voluminous), Plaintiff has in response provided no evidence to contest Cassaro's sworn statement or to otherwise show that he filed and exhausted

8



his administrative grievance procedure with respect to these claims. Indeed, while Plaintiff in his opposition memorandum responds to Defendant's argument concerning the filing of his FTCA claim based on the administrative remedies pursued under that Statute, he fails to even address in his memorandum the Defendants' argument that he failed to exhaust his administrative remedies with respect to his <u>Bivens</u> claim.[6]

Since Plaintiff has filed no evidence, or even submitted any argument, to dispute the evidence and arguments submitted by the Defendants showing that he failed to exhaust his administrative remedies with respect to his <u>Bivens</u> claims, dismissal of these claims is warranted. <u>Cf</u>. <u>Hyde v. South Carolina Dep't of Mental Health</u>, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; <u>see</u> <u>also</u> <u>Harvey v. City of Philadelphia</u>, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]. Therefore, Plaintiff's <u>Bivens</u> claims should be dismissed. <u>Booth</u>, 532 U.S. at 741; <u>Hyde</u>, 442 S.E.2d at 583; 42 U.S.C. § 1997e(a).

## II.

### (FTCA Claim)

The FTCA waives sovereign immunity and allows suits against the United States for

---

[6]Similarly, while Plaintiff affirmatively states in is unverified complaint that he has exhausted his FTCA administrative remedies, he fails to make to any statement or assertion with respect to the exhaustion of his administrative remedies for a <u>Bivens</u> claim. <u>Complaint</u>, at p. 1 [Preliminary Statement].

9



personal injuries caused by government employees acting within the scope of their employment.[7] Under this Act, a plaintiff may recover monetary awards from the United States for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope...of employment." 28 U.S.C. § 1346(b).

Defendants note, however, that pursuant to 28 U.S.C § 2401(b), a tort claim against the United States is forever barred unless presented in writing to the appropriate federal agency within two years after the claim accrues or unless the action has begun within six months after final agency action. Therefore, in order to proceed with his FTCA claim, Plaintiff was required to file his administrative claim within two (2) years after the events leading to that claim accrued, and he must then have filed his lawsuit in District Court within six (6) months of mailing of the final administrative denial of his claim. Defendants do not dispute for purposes of summary judgment that Plaintiff filed his administrative claim within two (2) years after it accrued. However, since Plaintiff was notified that his claim had been reconsidered and denied through mailing of the denial of his claim on August 15, 2006, Defendants argue that he had to file his lawsuit in District Court by February 15, 2007 to meet the six (6) month filing requirement. Cf. Myers v. United States, 526 F.3d 303 (6th Cir. 2008)[Affirming dismissal of lawsuit which had been filed after expiration of six month statute of limitations].

Plaintiff did not file his complaint in Federal Court until February 20, 2007. However, Plaintiff states in his memorandum opposing summary judgment that he placed his

---

[7]Pursuant to the FTCA, "[t]he United States shall be liable, . . . relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Hence, in the event Plaintiff's FTCA claim is allowed to proceed, the named natural Defendants should be dismissed as party Defendants, and the United States substituted as the sole Defendant. See 28 U.S.C § 1346(b)(1). Defendants, through counsel, consent to this substitution.

10



complaint in the prison mail box on February 9, 2007. While no evidence has been submitted to support this statement, which is unsworn, Plaintiff's complaint is dated February 9, 2007, and in the absence of a copy of the envelope showing the date of receipt of the complaint in the prison mail room, the Court should infer Plaintiff's filing date to have been February 9, 2007. Houston v. Lack, 487 U.S. 266, 270-76 (1988)[prisoner pleadings deemed filed at moment of delivery to prison authorities for forwarding to District Court]; Williams v. Waid, No. 09-7091, 2010 WL 282958 at 1 n * (4th Cir. Jan. 25, 2010)["[W]e apply the 'prison mailbox' rule, and assume that the date on the letter is the earliest that [Plaintiff] could have given his [filing] to prison officials for mailing."]; see Webb v. Lappin, No. 07-1203, 2008 WL 4360995, at * 6, n. 4 (E.D.Va. Sept. 22, 2008) [Applying "prison mail-box rule" to FTCA claims]; Gaines v. U. S. Marshals Service, No. 06-83, 2008 WL 607418 (E.D.Okla. Feb. 29, 2008)[same]; Abuhouran v. Acker, No. 04-2265, 2007 WL 603045, at * 3 n. 10 (E.D.Pa. Feb. 22, 2007)[same]; Jones v. United States, No. 01-3094, 2004 WL 385459, at * 4 (D.Ka. Feb. 26, 2004)[same]; Gaughan v. U.S. Bureau of Prisons, No. 02-740, 2003 WL 1626674 (N.D.Il. 2003)[same]; Brown v. United States, 74 Fed.Cl. 546, 550 (Dec. 15, 2006)[same]; Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993); Tapia-Ortiz v. United States, 79 Fed.Appx. 465 (2nd Cir. 2003). Therefore, the Defendants are not entitled to summary judgment on Plaintiff's FTCA claim based on a statute of limitations argument.

Otherwise, while Defendants make an argument that the complaint fails to comply with Rule 8(a)(2), Fed.R.Civ.P., the allegations of the complaint certainly provide "fair notice of what the Plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sormea, NA, 534 U.S. 506, 512 (2002), citing Conley v. Gibson, 355 U.S. 41, 47 (1957). Plaintiff asserts that prison officials and physicians were negligent with regard to the medical care he received, resulting in his



two hospitalizations and the resulting pain and suffering he incurred because of their negligence in diagnosing and treating his condition. Whether any government employee was negligent is to be determined "in accordance with the law of the place where the act or omission occurred," in this case the State of South Carolina. 28 U.S.C. § 1346(b).

In order to prove negligence in South Carolina, Plaintiff must prove by a preponderance of the evidence that 1) the Defendant had a legal duty of care; 2) the Defendant failed to discharge that duty; and 3) Defendant's breach proximately caused him injury. Ajaj v. United States, 479 F.Supp.2d 501, 549 (D.S.C. 2007); Goode v. St. Stephens United Methodist Church, 494 S.E.2d 827, 834 (S.C. 1997); Bailey v. Segars, No. 3370, 2001 WL 791740 (S.C.Ct.App. 2001); Hubbard v. Taylor, 529 S.E.2d 549 (S.C.Ct.App. 2000). Further, Plaintiff is required to show negligence with reasonable certainty, not through mere conjecture, and he may not attempt to prove negligence through the doctrine of res ipsa loquitur. Ajaj, 479 F.Supp.2d at 549; Eickhof v. Beard-Laney, 20 S.E.2d 153, 155 (S.C. 1942); Crider v. Infinger Transportation Co., 148 S.E.2d 732, 734-735 (S.C. 1966). Here, the Defendant concededly had a legal duty of care, as prison officials have a duty to provide appropriate medical care to prisoners. While this duty can reach the level of a constitutional claim in so far as appropriate medical care for prisoners is mandated by the Eighth Amendment, for purposes of an FTCA claim this duty is provided by statute; see 18 U.S.C. § 4042; which provides that the standard of duty owed is that of "reasonable care". See Johnson v. U. S. Government, 258 F.Supp. 372, 376 (E.D.Va. 1966)[Under Section 4042, a prison official's duty requires only the exercise of ordinary diligence under the circumstance]; see also In re Agent Orange Product Liability Litigation, 635 F.2d 987, 996 (2d Cir. 1980) [dissenting] (citing Owens v. Haas, 601 F.2d 1242 (2d Cir. 1979), cert. denied, 444 U.S. 980 (1979)); Harley v. United States, No. 08-



820, 2009 WL 187588 at * 4 (D.S.C. Jan. 26, 2009).

The allegations of Plaintiff's complaint are sufficient to state a claim that he did not receive reasonable care from prison officials during the period of his incarceration at FCI Edgefield, and in their motion for summary judgment, the Defendants have failed to present any evidence to show the level of quality of care Plaintiff received, or to even argue for summary judgment on the grounds that Plaintiff has failed to state a valid negligence claim in his complaint, relying instead on their statute of limitations argument for obtaining summary judgment.

Therefore, Defendants' motion for summary judgment with respect to Plaintiff's FTCA claim must be denied at this time.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment with respect to Plaintiff's Bivens claim be **granted**, and that this claim be **dismissed**. With respect to Plaintiff's remaining FTCA claim, it is recommended that the United States be substituted as the party Defendant for the current named Defendants, and that the motion for summary judgment be **denied** with respect to this claim. The United States may submit a new motion for summary judgment with respect to this claim, supported by evidence, if it believes it has the proper grounds to do so.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February  9 , 2010
Charleston, South Carolina

13



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 2940

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).